IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Albert A. Riederer, Chapter 7 Trustee of Brooke Corporation, Brooke Capital Corporation and Brooke Investments, Inc., <br><br> *Plaintiff*, <br><br> vs. <br><br> Brooke Holdings, Inc., Leland Orr, Anita Lowry, Kimba K. Orr, Casey R. Orr, Nicholas S. Rhodes, Wanda R. Schmidt, Steven R. Schmidt, Michael Lowry, Brett A. Biggs, Chad S. Maxwell, Alfred Marcotte and Logan Wildlife Corporation, <br><br> *Defendants.* | Case No. 11-2543-EFM |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion to Withdraw Reference from Bankruptcy Court (Doc. 1). The trustee filed a response in opposition (Doc. 2). Bankruptcy Judge Dale Somers filed a Report and Recommendation pursuant to D. Kan. R. 83.8.6 (Doc. 3). The Court has reviewed the motion, response, and Judge Somers's recommendation. For the following reasons, the Court denies the motion and adopts the Report and Recommendation.

This case is one of approximately 84 separate adversary proceedings filed by the Trustee against approximately 460 defendants. The Trustee seeks to avoid certain transfers as preferences and fraudulent transfers and to recover the transfers from Brooke Holdings, Orr family members, and other individuals who were shareholders of Brooke Holdings.

Defendants[1] move for mandatory withdrawal asserting that the case requires interpretation and application of federal law other than the Bankruptcy Code, specifically the Securities Act of 1933 and the Securities Exchange Act of 1934. They also contend that good cause warrants permissive withdrawal because there are procedural and practical reasons as to why the district court should handle the action.

28 U.S.C. § 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

In his recommendation, Judge Somers found that conditions for mandatory withdrawal were not present. Judge Somers reviewed the complaint and determined that there were no causes of action under the Securities Act of 1933, the Securities Exchange Act of 1934, or any other federal law other than the Bankruptcy Code. Although SEC guidelines and GAAP guidelines might be relevant in the Trustee's evidence of insolvency, Judge Somers concluded that no "significant interpretation" of federal securities law would be required to resolve the complaint. As such, because Defendants failed to establish that resolution of the complaint would require "substantial and material consideration" of federal securities law, Judge Somers determined that mandatory withdrawal was inappropriate. Furthermore, Judge Somers found that cause for discretionary withdrawal was not present, and judicial efficiency and economy would be served by denying the motion to withdraw reference.

---

[1] All named Defendants in this adversary proceeding, except Anita Lowry, Michael Lowry, and Brett A. Biggs joined in the motion.

**IT IS ACCORDINGLY ORDERED** that Defendants' Motion to Withdraw Reference from Bankruptcy Court (Doc. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that the Bankruptcy Judge's Report and Recommendation (Doc. 3) is **ADOPTED**.

**IT IS SO ORDERED.**

Dated this 26th day of October, 2011.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE